**KENTUCKY RESOURCES COUNCIL, INC., Appellant**

v.

**Gale A. NORTON, Secretary of the Interior, Appellee**

**No. 01–5263.**

United States Court of Appeals, District of Columbia Circuit.

May 30, 2002.

Before GINSBURG, Chief Judge, and RANDOLPH and GARLAND, Circuit Judges.

### JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia, and was briefed and argued by the parties. The court has determined that the issues presented occasion no need for a published opinion. It is

*ORDERED AND ADJUDGED* that, for the reasons given in the attached memorandum, the decision of the district court is affirmed in part and reversed in part, and the case is remanded with instructions to remand it to the Secretary of the Interior for further proceedings consistent with this memorandum.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

### MEMORANDUM

Appellant Kentucky Resources Council (KRC) appeals from the district court's grant of summary judgment against it in its challenge to a rule issued by the Department of the Interior, entitled "Abandoned Mine Land (AML) Reclamation Program; Enhancing AML Reclamation," 64 Fed.Reg. 7470 (Feb. 12, 1999) (the "AML Enhancement Rule"). KRC's challenge turns on whether the Department reasonably interpreted the phrase "government-financed construction," which appears in § 528(2) of the Surface Mining Control and Reclamation Act (SMCRA), 30 U.S.C. § 1278(2). We conclude that, for the reasons given by the district court, the rule on its face reasonably interprets the statutory phrase. However, because in promulgating the rule the Department simultaneously issued an interpretation that—at least on *its* face—does not appear reasonable, we remand this case for further explanation.

Section 528(2) of SMCRA exempts "the extraction of coal as an incidental part of ... government-financed ... construction" from the permitting, bonding, and performance requirements that would otherwise apply under Title V of SMCRA. Prior to the promulgation of the challenged rule, a project could not qualify as government-financed unless it received at least fifty percent of its funding from government sources. Under the challenged rule, some AML reclamation projects, which are conducted under Title IV of SMCRA, may qualify as government-financed construction even if they receive less than fifty percent government funding. 64 Fed.Reg. at 7482; 30 C.F.R. § 707.5.

For the reasons given by the district court, we conclude that the Department's interpretation of the term "construction" to include AML reclamation projects that involve incidental coal extraction is reasonable. *Kentucky Resources Council, Inc. v. Babbitt,* No. 99–00892, slip op. at 9–10, 13–14 (D.D.C. Sept. 22, 2000); *see Chevron U.S.A. Inc. v. Natural Res. Def. Council,*

*Inc.*, 467 U.S. 837, 842–43, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). We also agree, again for the reasons stated by the district court, that the Department reasonably determined that in some circumstances AML projects to which the government provides less than fifty percent of the funding may qualify as "government-financed" construction. *Kentucky Resources Council, Inc.*, slip op. at 7–8, 11–12. We further find that the Department reasonably determined that the AML Enhancement Rule provides a permissible means of facilitating reclamation of abandoned mines that have little likelihood of being reclaimed, thereby addressing the environmental problems associated with such mines. The Department's determination in this regard was based on a consideration of the relevant factors and is supported by the rulemaking record. 64 Fed.Reg. at 7471, 7475, 7477–78; *see Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 103 S.Ct. 2856, 77 L.Ed.2d 443 (1983). Finally, because we find nothing in SMCRA to support KRC's contention that Congress intended to limit the pace and extent of AML reclamation, we reject its contention that a rule designed to expedite the reclamation of abandoned mines violates the statute.

Notwithstanding these conclusions, we must remand part of this case to the Department for further explanation. The AML Enhancement Rule defines "government-financed construction" as construction funded "by funds appropriated from a government financing agency's budget or obtained from general revenue bonds." 30 C.F.R. § 707.5. It further states that "in-kind payments do not qualify as government-financed construction." *Id.* Nonetheless, the Federal Register notice issued by the Department indicates that even if an AML reclamation contractor receives no funds at all from the government, the Department will still classify the project as government-financed because "all expenses incurred directly or indirectly by the AML agency, such as project design, project solicitation and project management and project oversight qualify as government funding" under the rule. 64 Fed.Reg. at 7474. The notice further appears to accept a commenter's suggestion that these qualifying expenses include "in-kind payments such as administrative expenses incurred by the AML agency in reviewing and approving the project." *Id.*

It is not readily apparent why it is reasonable to interpret the statutory term "government-financed" to refer to "expenses incurred directly or indirectly by [an] AML agency." An AML agency is a governmental entity, and it is counterintuitive to suggest that Congress intended that traditional governmental functions—such as "oversight" to ensure that a contractor complies with the law, or "reviewing and approving" proposed Title IV projects—would count as government financing. Moreover, the notice's suggestion that "in-kind payments such as administrative expenses incurred by the AML agency" constitute government financing appears to contradict the rule's own declaration that "in-kind payments do not qualify as government-financed construction." 30 C.F.R. § 707.5.

It may be that the Department has a reasonable explanation for the manner in which it interprets the rule. Perhaps the Department does not intend that the traditional oversight and compliance-review functions of an AML agency are to be counted as government financing. Perhaps the Department only means to include expenses that the agency actually pays to third-party contractors (such as engineering or architectural firms) to undertake project management and oversight of the primary construction contractor. Perhaps the Department will include

expenses incurred by the agency only when it performs services that are traditionally carried out by an outside contractor—expenses that the contractor would have to cover if the agency did not provide the services. Or perhaps there is another explanation.

The problem is that to date the Department has offered *no* explanation for its seemingly unreasonable interpretation of the statutory term "government-financed." The Federal Register notice announces the interpretation, but does not explain it. The Department's brief on appeal does not address the question at all. Accordingly, we remand the case to the Department to give it an opportunity to explain its interpretation. *See Florida Power & Light Co.*

*v. Lorion,* 470 U.S. 729, 744, 105 S.Ct. 1598, 84 L.Ed.2d 643 (1985); *U.S. Telecom Ass'n v. F.C.C.,* 227 F.3d 450, 460 (D.C.Cir. 2000).

The decision of the district court is affirmed in part and reversed in part, and the case is remanded with instructions to remand it to the Department of the Interior for further proceedings consistent with this memorandum.

*So ordered.*